IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW CHARLES SHERMAN,

                Plaintiff,                OPINION AND ORDER

  v.

                                            24-cv-400-wmc

JUDGE RICHARD A. RADCLIFFE,
DISTRICT ATTORNEY KEVIN CRONINGER,
and ATTORNEY RACHEL PISORS,

                Defendants.

---

      Plaintiff Andrew Sherman, an inmate in the custody of the Monroe County Jail representing himself, brings this civil action under 42 U.S.C. § 1983 against Monroe County Circuit Court Judge Richard A. Radcliffe, Monroe County District Attorney Kevin Croninger, and Assistant State Public Defender Rachel Pisors, challenging the calculation of his sentence. (Dkt. #1.)  Because Sherman is incarcerated and has not prepaid the filing fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. The court accepts Sherman's allegations as true and construes them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  Sherman does not state a claim against Judge Radcliffe or District Attorney Croninger because they are entitled to absolute immunity, and the court does not have subject matter jurisdiction to alter his sentence.  Sherman also fails to state a federal claim against Pisors for the reasons explained below.

OPINION

Sherman alleges that Judge Radcliffe, District Attorney Croninger, and Attorney Pisor made a judicial error when calculating sentence credit for time he served in the Monroe County Jail between June and December of 2021. (Dkt. #1, at 2.) Sherman claims that defendants were deliberately indifferent and negligent when doing so. He seeks money damages and injunctive relief in the form of a corrected sentence that properly reflects and credits his time served. (*Id.* at 5.) Without explaining his reasoning, Sherman appears to allege violations of his Eighth Amendment rights and common-law negligence under Wisconsin law.

Judges are entitled to absolute immunity for challenged actions that are "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016). Similarly, state prosecutors are entitled to absolute immunity for acts taken within the scope of their prosecutorial role. *Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 565-66 (7th Cir. 2022). Imposing a sentence on a defendant is plainly a judicial function, *Ex parte United States*, 242 U.S. 27, 41 (1916), and recommending a particular sentence is similarly a prosecutorial activity. *Lucien v. Preiner*, 967 F.2d 1166, 1167 (7th Cir. 1992). Here, to the extent that Sherman sues Judge Radcliffe and District Attorney Croninger in their individual capacities, they are entitled to absolute immunity for their role in determining his sentence. If plaintiff seeks injunctive relief from that sentence, his proper recourse is through habeas corpus proceedings under 28 U.S.C. § 2254, after first seeking relief in stat court.

Next, Sherman cannot obtain money damages for official capacity claims against Judge Radcliffe or District Attorney Croninger, as such claims are barred by the Eleventh Amendment. *See Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000) (federal suits for damages against state officials in their official capacities are barred by Eleventh Amendment sovereign immunity). Moreover, "[t]he *Rooker-Feldman* doctrine prohibits federal courts from exercising subject matter jurisdiction over claims seeking review of state court judgments." *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983)). Unless Sherman were to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the court lacks jurisdiction to order Wisconsin state courts to alter his sentence. *Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007) ("Without the aid of § 2254, any effort to obtain review of a conviction -- review that would imply a declaration of innocence, or even a return of the $500 fine -- runs headlong into the *Rooker-Feldman* doctrine[.]").

Finally, Sherman cannot proceed on a federal claim against Attorney Pisors under 42 U.S.C. § 1983, because public defenders are not "state actors" for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Swaggerty v. Trevarthen*, 715 F. App'x 556, 558 (7th Cir. 2018). Even if Pisors were suable under the statute, Sherman does not identify any actions that she took, or failed to take, with respect to his sentencing that could give rise to individual liability under that statute in any case. M*itchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (citing *Wilson v. Warren Cty.*, 830 F.3d 464, 469 (7th Cir. 2016)). The court will also decline supplemental jurisdiction over any potential state-law

claims against Pisors, including for negligence. *Van Harken v. City of Chi.*, 103 F.3d 1346, 1354 (7th Cir. 1997) ("The general rule is that when as here the federal claim drops out before trial . . . the federal district court should relinquish jurisdiction over the supplemental claim."). Finally, if Sherman is contending that Pisors was ineffective in her representation and caused his sentence to be calculated incorrectly, this too is a claim that could be raised only in a habeas petition, after first exhausting his state court remedies.

Because the court has no basis to infer that Sherman could amend his complaint to state a federal claim that can be heard in federal court and save it from dismissal, the court will not offer him the opportunity to amend. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to amend after dismissal of the first complaint unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted.") (emphasis original and citation and quotation marks omitted).

## ORDER

IT IS ORDERED that:

1) Plaintiff Andrew Charles Sherman's complaint (dkt. #1) is DISMISSED.

2) The clerk of court is directed to close this case.

Entered this 5th day of December, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge